## L. B. SILLIMAN v. J. R. KUHN.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF WARREN COUNTY.

Argued May 6, 1891—Decided May 18, 1891.

" Where the error assigned is to the finding of fact by an auditor or master, the printed argument shall contain a synopsis of all the evidence bearing upon such disputed question of fact, with a reference to the page or pages of the paper-book where such evidence may be found in extenso: " Rule XXV., as amended June 7, 1889, 125 Pa. xxii.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 44 January Term 1891, Sup. Ct.; court below, No. 38 September Term 1888, C. P. in Equity.

On August 4, 1888, Lewis B. Silliman filed a bill in equity against John R. Kuhn, for the settlement of the affairs of a partnership of the plaintiff and defendant, trading under the name of J. R. Kuhn & Co. in the business of producing oil and torpedoing oil wells.   Issue having been joined, the cause was referred to *Mr. James O. Parmlee*, as examiner and master, who, on June 14, 1890, after the usual preliminary decree for an accounting, filed a report with his findings of fact, conclusions of law, and a statement of account between the parties showing a balance due to the plaintiff from the defendant of $1,507.30.

Exceptions to the report filed by the plaintiff and defendant, relating chiefly to the master's findings of fact, having been argued, the court, BROWN, P. J., on September 11, 1890, entered a final decree ordering: ( 1 ) That the defendant pay to the plaintiff the sum of $1,280.33 ; (2) that the defendant assign and convey to the plaintiff the one-third interest in a certain oil-leasehold estate ; and (3) that the defendant account to the plaintiff for such oil production from said leasehold as he had received since the accounting in this proceeding.   Thereupon, the defendant took this appeal, filing assignments specifying that the court erred in dismissing the defendant's exceptions, and in the several parts of said decree.

Opinion of the Court.

*Mr. William E. Rice* (with him *Mr. W. D. Hinckley*), for the appellant.

Counsel cited: Cross's App., 97 Pa. 471.

*Mr. Samuel Grumbine* (with him *Mr. Roger Sherman*), for the appellee.

Counsel cited: Rule of the Supreme Court XXV., as amended June 7, 1889, 125 Pa. XXII.; Weible's App., 127 Pa. 34, 43; Waring v. Cram, 1 Pars. 516, 523; Shafer's App., 106 Pa. 49, 55; Brown v. Beecher, 120 Pa. 590, 604; Story's Eq. Pl., §§ 849, 851, 852; Pusey v. Wright, 31 Pa. 387, 394; Story on Part., §§ 183, 185; Beatty v. Wray, 19 Pa. 516, 519; Franklin v. Robinson, 1 Johns. Ch. 158, 165; Lindsey v. Stranahan, 129 Pa. 635; Marsh's App., 69 Pa. 30, 33.

PER CURIAM:

Nearly all the errors assigned are to the findings of fact by the master.  The twenty-fifth Rule of Court in regard to this class of assignments provides as follows:

" Where the error assigned is to the finding of fact by an auditor or master, the printed argument shall contain a synopsis of all the evidence bearing upon such disputed question of fact, with a reference to the page or pages of the paper-book where such evidence may be found in extenso."

The appellant's paper-book is prepared in entire disregard of this rule.  As we do not consider errors not properly assigned, no further reference need be made to the assignments referred to.

The remaining assignments are to the decree of the court below, and are without merit.

The decree is affirmed, and the appeal dismissed at the costs of the appellants.